FILED

1 | ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
2 | LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
3 | North Hollywood, California 91602
Tel.: (818) 763-6289 or (323) 877-3405
4 | Fax:  (818) 763-4676
Email: lawoffah@aol.com
5 |
Attorneys for Plaintiff,
6 | AUDIO FIDELITY, INC., d/b/a MORADA MUSIC

2008 MAY 28  PM 1: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8 |              UNITED STATES DISTRICT COURT

9 |              CENTRAL DISTRICT OF CALIFORNIA

10

11 | AUDIO FIDELITY, INC., d/b/a        )   Case No. CV08-03492
MORADA MUSIC,                      )
12 |                                    )   COMPLAINT
13 |              Plaintiff,            )
                                   )   (DEMAND FOR JURY TRIAL)
14 |         v.                        )
                                   )
15 | ROK Entertainment Group Inc.,      )
ROK Group, Ltd., Jonathan          )
16 | Kendrick,                         )
                                   )
17 |              Defendants.          )
    _____)

DDP
(FFMx)

18

19 |         Plaintiff, Audio Fidelity Inc., ("AFI") for its

20 | complaint alleges as follows:

21 |                      First Claim

22 |                  (Breach of Contract)

23 |             (Against ROK INC and ROK LTD)

24 |                      Jurisdiction

25 |         1.   This U.S. District Court has subject matter

26 | jurisdiction over AFI's claims pursuant to 28 U.S.C. 1332(a)(1),

27 | and/or (a)(2), in that the dispute is between citizens of different

28 | states, or citizens of different states, and citizens of a foreign

state.   Plaintiff AFI, is incorporated under the laws of the state of California, with its principal place of business located in Ventura, California.   One of the defendants is a corporation incorporated under the laws of the state of Delaware, and the remaining (2) two defendants are citizens of Great Britain.   The amount in controversy exclusive of interest and costs, is greater than $75,000.00.

### Venue

2.   Venue is found in the Central District of California pursuant to 28 U.S.C. 1391(a)(2).

### Parties

3.   Plaintiff AFI is a California corporation, with its principal place of business located at 3875-A Telegraph Road, Number 409, Ventura, California 93003.

4.   ROK Entertainment Group Inc., ("ROK INC") is a corporation incorporated under the laws of the state of Delaware, state I.D. incorporation number 4473485, with its principal place of business located at ROK House Kingswood Business Park, Holyhead Road, Albrighton, Wolverhampton WV7 3AU, England.

5.   On information and belief, AFI alleges that on December 13, 2007, defendant ROK Ltd., ("ROK LTD") a limited liability company incorporated under the laws of Great Britain located at ROK House Kingswood Business Park, merged into, and/or became a subsidiary of defendant ROK INC.   As of December 13, 2005 defendant ROK INC assumed ownership of all of the assets and assumed all of the obligations of defendant ROK LTD.

6.   Defendant Jonathan Kendrick ("KENDRICK") is the chairman and founder of both ROK LTD, and of the successor company

ROK INC.

7.    As of January 2004, plaintiff AFI was in the business of acquiring and distributing music, and video product. AFI's principals had long established contacts in the entertainment industry enabling AFI to acquire music and video product.

8.    As of January, 2004, defendant ROK LTD's business was in the communications industry, in England, and ROK LTD indicated to AFI, that ROK LTD wished to acquire rights to distribute musical, video product as well as other content to be used for ROK LTD's wireless communications.

### Facts Giving Rise To AFI's Claims

9.    In 2004, in Beverly Hills, California, defendant ROK LTD's chairman, defendant KENDRICK met with Marshall Blonstein ("BLONSTEIN"), president of plaintiff AFI.

10.    KENDRICK represented to BLONSTEIN, that:

(a)    KENDRICK was the president and chairman of ROK LTD, a British limited liability company, in the wireless telephone industry;

(b)    ROK wished AFI to assist ROK LTD in acquiring rights to exploit musical and video properties for ROK LTD which ROK LTD would provide to ROK LTD's customers; and

(c)    If BLONSTEIN on behalf of AFI would assist KENDRICK and ROK LTD in acquiring musical and video property rights, that ROK LTD would provide reasonable compensation for AFI's services and efforts and would reimburse AFI for all AFI's expenses incurred.

11.    In 2004, KENDRICK also indicated to BLONSTEIN that there was interest on the part of ROK LTD in a possible merger of

ROK LTD with AFI, and that in the alternative of paying the
reasonable value for AFI's services, the efforts and expenses of
AFI in assisting ROK LTD, would be compensated in the context of a
future joint venture or merger agreement between ROK LTD and AFI if
such joint venture or merger occurred.

      12.   Based upon the 2004 representations of KENDRICK and
ROK LTD, to BLONSTEIN and AFI, AFI through its president BLONSTEIN
agreed to provide AFI's services to assist ROK LTD in acquiring
rights to musical and video properties.

      13.   During the remainder of 2004, and during 2005, AFI
through BLONSTEIN for the benefit of ROK LTD undertook the
following:

      (a)   expended approximately four (4) man months of
time in meetings, contact negotiations, and in acquiring musical
and video products, content, including music publishing for mobile
delivery for KENDRICK and ROK LTD;

      (b)   made numerous trips to New York and London, on
behalf of ROK LTD and acquired publishing rights for "Twisted
Tones," on behalf of ROK LTD;

      (c)   assisted in obtaining rights of "Pink Floyd"
and "Up In Smoke" from Eagle Rock Entertainment for mobile content
use by ROK LTD;

      (d)   assisted in obtaining rights for the use of
musical compositions from Sony, ATV, Peer Music and BMG for ROK
LTD;

      (e)   assisted in obtaining potential rights from
Sanctuary Music for ROK LTD;

      (f)   undertook efforts with Warner Bros, EMI, Sony

and Universal Music among other companies for the benefit of ROK LTD; and

        (g)   assisted in obtaining numerous video products for ROK LTD.

    14.   During 2004 and 2005, AFI expended approximately $15,000.00 to $20,000.00 in out of pocket travel and other expenses on behalf of ROK LTD, in support of AFI's efforts to obtain rights for ROK LTD.

    15.   On July 6, 2005, representatives of ROK LTD suggested that BLONSTEIN and/or AFI be identified on ROK LTD's letterhead as an officer or entity responsible for international music acquisition and licensing, (July 6, 2005 e-mail attached to this complaint as Exhibit No. 1).

    16.   On December 9, 2005, as to a potential merger or joint venture, defendant KENDRICK indicated that any AFI and ROK LTD merger would most likely not occur, and that ROK LTD as agreed in 2004, wanted to provide reasonable compensation to AFI for AFI's efforts on behalf of ROK LTD, and as well to reimburse AFI for AFI's expenses incurred during 2004 and 2005.  On December 9, 2005, KENDRICK offered to pay AFI as a reasonable fee and reimbursement for AFI's expenses the amount of $100,000.00 (e-mail of KENDRICK, December 7, 2005, attached as Ex. No. 2), and stated to AFI "I hope you will accept this as compensation."

    17.   In response, on December 9, 2005, AFI agreed to the amount offered as being reasonable, and forwarded an invoice to KENDRICK, ROK LTD for professional services rendered during 2004-2005 "in the amount of $100,000.00," (Ex. No. 3).

    18.   Upon the December 9, 2005, ROK LTD receipt of the

AFI $100,000 invoice, KENDRICK stated: "I will get this paid in the new year after we have gone public, regards," (Ex. No. 4).  During 2006, on several occasions AFI again resubmitted the $100,000.00 invoice (Ex. No. 3).  Though promised, during 2006 KENDRICK and ROK LTD did not pay AFI any amount toward the $100,000.00 invoice (Ex No. 3).

19.  On December 20, 2006, AFI again forwarded the AFI invoice for $100,000.00 (Ex. No. 5).

20.  On December 20, 2006, KENDRICK on behalf of ROK LTD states: "We have 10 million investment coming in January and February so will be able to clear your date then, Regards and best wishes JK.," (Ex. No. 6).

21.  In January and February, 2007, AFI again forwarded the $100,000.00 invoice (Ex. No. 3) to KENDRICK and ROK LTD.

22.  On January 30, 2007, KENDRICK indicated that he will be able to clear the invoice by (the) "2nd quarter," (Ex. No. 7).

23.  On April 24, 2007, AFI again forwarded the invoice to KENDRICK/ROK LTD and requested payment (Ex. No. 8).

24.  On May 11, 2007, KENDRICK indicates by e-mail that "...main funds are (due) next week, and I will call you up as promised," (Ex. No. 9).

25.  On May 29, 2007, KENDRICK then sends an e-mail to AFI stating he has had some "...massive issue with the financial(s) ...it's a mess ...there's nothing I can do at the moment sorry," (Ex. No. 10).

26.  On December 17, 2007, on information and belief AFI alleges that apparently KENDRICK caused ROK INC to acquire ROK LTD

1  or ROK LTD to be merged into defendant ROK INC, a Delaware

2  corporation, without notice to AFI.

3        27.  On January 14, 2008, AFI again forwarded the

4  $100,000.00 AFI invoice to KENDRICK (Ex. No. 11).

5        28.  On March 25, 2008, KENDRICK then asserts that the

6  $100,000.00 promised is not in fact a debt but was intended by

7  defendant KENDRICK as a gift, which will be paid when KENDRICK

8  believes there is "surplus cash" available, (Ex. No. 12).

9        29.  AFI has performed all of AFI's obligations as it

10 promised to perform under its agreement with ROK LTD.

11       30.  Defendants ROK LTD and ROK INC (as the successor in

12 interest) have breached their obligation to pay AFI the agreed upon

13 amount of $100,000.00 for the AFI services rendered, and expenses

14 incurred as promised in 2004, 2005, 2006 and 2007.

15       31.  AFI has been damaged in an amount to be determined

16 at trial.

17                        Second Claim

18                       (Account Stated)

19                 (Against ROK INC and ROK LTD)

20       32.  Plaintiff AFI reincorporates paragraphs Nos. 1

21 through 31 of this complaint as if fully set forth in this

22 paragraph.

23       33.  Plaintiff asserts there exists an agreed upon

24 account stated of $100,000.00 plus interest due to AFI as of

25 December, 9, 2005.

26       34.  Defendants have paid no amount of the account

27 stated.

28       35.  Plaintiff requests a judgment in the amount of the

$100,000.00 account stated, plus pre-judgment interest.

### Third Claim

(Quantum Meruit for Services Rendered)

(Against ROK INC and ROK LTD)

36.   Plaintiff AFI incorporates paragraphs Nos. 1 through 31 as if fully set forth in this paragraph.

37.   Plaintiff AFI has provided services in the value of $100,000.00 to defendants ROK INC and ROK LTD and to each of them.

38.   Defendants have not paid for the services provided.

39.   Plaintiff requests restitution of $100,000.00 plus interest for the value of services provided.

### Fourth Claim

(Intentional Misrepresentation)

(Against KENDRICK)

40.   Plaintiff incorporates paragraphs Nos. 1 through 31 as if fully set forth in this paragraph.

41.   During 2005, 2006 and 2007, KENDRICK represented to AFI that ROK LTD would make payment of its obligation of $100,000.00.

42.   KENDRICK knew that the representations he made were false and also knew that ROK LTD and ROK INC had no intention to make any payment and knew that AFI would rely upon KENDRICK's represetation to its detriment.

43.   AFI relied upon the representation of KENDRICK and changed its position by awaiting payment, by not undertaking action which it could have undertaken, by not obtaining a judgment, and by not attaching possible assets of ROC LTD which were available.

44.   In the interim without notice to AFI, KENDRICK

1 | caused ROCK LTD to be merged into ROK INC.

2 |     45.   The results of delay caused by the

3 | misrepresentations of KENDRICK may have caused a reduction in the

4 | value or impaired the collectability of AFI's claim, caused by the

5 | misrepresentation of KENDRICK.

6 |     46.   Should AFI not be able to obtain redress against

7 | ROK INC, such lack of redress was caused by the fraud of KENDRICK

8 | and, in the alternative, AFI seeks judgment against KENDRICK in the

9 | amount of $100,000.00.

10 |                    Fifth Claim

11 |              (Negligent Misrepresentation)

12 |                  (Against KENDRICK)

13 |     47.   Plaintiff incorporates paragraphs Nos. 1 through 31

14 | and paragraph No. 41 as if fully set forth in this paragraph.

15 |     48.   KENDRICK had no reasonable basis to believe that

16 | the representations he made were true and also knew that AFI would

17 | rely upon KENDRICK's representation to its detriment.

18 |     49.   AFI relied upon the representations of KENDRICK and

19 | changed its position by awaiting the payment, by not undertaking

20 | action which it could have undertaken, by not obtaining a judgment,

21 | and by not attaching possible assets of ROC LTD which were

22 | available.

23 |     50.   AFI has been damaged by the misrepresentation of

24 | KENDRICK.

25 |     WHEREFORE, Plaintiff demands:

26 |     1.    Damages accord to proof;

27 |     2.    Restitution;

28 |     3.    Pre-judgment interests;

1          4.    Costs of suit; and

2          5.    Such other relief as the court deems just and

3   proper.

4                                    Respectfully Submitted,

5                                    LAW OFFICES OF ALLEN HYMAN

6

7   DATED: May 22, 2008         By: _____

8                                    Allen Hyman, Esq.
                                     Attorneys for Plaintiff,
                                     AUDIO FIDELITY, INC., d/b/a
9                                    MORADA MUSIC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DEMAND FOR JURY TRIAL**

2         Pursuant to F.R.C.P. Rule 38 and Local Rule 38.1,

3  Plaintiff Audio Fidelity Inc. requests a trial by jury.

4
5                              Respectfully Submitted,

6                              LAW OFFICES OF ALLEN HYMAN

7  DATED: May 22, 2008          By: _____

8                              Allen Hyman, Esq.
                               Attorneys for Plaintiff,
9                              AUDIO FIDELITY, INC., d/b/a
                               MORADA MUSIC

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Marshall Blonstein

**From:** Marshall Blonstein [mb@audiofidelity.net]
**Sent:** Wednesday, July 06, 2005 12:16 PM
**To:** 'Rita Seggery'
**Subject:** RE: Management Profile

**Tracking:** **Recipient**    **Read**
      'Rita Seggery'   Read: 7/7/2005 1:15 AM

Rita,
You will have to ask Jonathan what title 1 have, we've actually never discussed that.  Here is the rest.

Marshall Blonstein - International Music Acquisitions & Licensing for ROK Ltd. and Twisted Tones
Marshall is responsible for the acquisition of music oriented titles for audio and video.  His experience has been international for 35 years with companies such as Sony Music, Warners and as an entrepreneur with his own very successful companies.

Regards,
Marshall

-----Original Message-----
**From:** Rita Seggery [mailto:rita.seggery@rokcorp.com]
**Sent:** Monday, July 04, 2005 7:32 AM
**To:** Marshall Blonstein
**Subject:** Management Profile

      Marshall

      I need a brief profile for all management for inclusion in the REG Business Plan Overview.

      This should only be a few lines on your role & responsibilites within the Rok Group and a few lines on your background.

      Please see the following which Paolo has done and he has suggested that this format is used for all management:

      ***Paolo Fidanza – Senior VP International Operations***
      Paolo is responsible for the development and roll out of the international operations of the Group with full responsibility over the development of the Streaming Division (mobile TV and Radio) and the Corporate Finance function within the Group.
      Paolo is an experienced international executive and eclectic entrepreneur with a career that spans over the automotive, IT and telecom industries, with Group Lotus plc, Maggiora Spa and Vanguard Group Holdings, of which he was co-founder.

      This is required asap and I would appreciate it if you could respond today.

      Many thanks.

      Regards

      Rita

      ## *Rita Seggery*

      Rok Management Services Limited
      Rok House
      Kingswood Business Park
      Holyrood Road
      Albrighton
      Wolverhampton
      WV7 3AU
      United Kingdom

      Tel:  +44 (0) 1902 374896
      Fax:  +44 (0) 1902 374603



EXHIBIT

1

tabbies®

**Marshall Blonstein**

**From:** Marshall Blonstein [mb@audiofidelity.net]
**Sent:** Friday, December 09, 2005 3:39 PM
**To:** 'audio-fidelity@earthlink.net'
**Subject:** FW:
**Importance:** High

**Tracking:**   **Recipient**     **Read**
          'audio-fidelity@earthlink.net' Read: 12/9/2005 3:41 PM

-----Original Message-----
**From:** JK [mailto:jk@rokcorp.com]
**Sent:** Wednesday, December 07, 2005 11:43 PM
**To:** mb@audiofidelity.net
**Subject:**
**Importance:** High

Marshall

On another point

things did not QUITE OUT AS WE THOUGHT THEY WOULD AND WE HAVE GONE IN A SLIGHTLY NEW DIRECTION
MAINLY ROK TV AND VIDEO AND SOME OTHER STUFF I WILL SHOW YOU

SO.........................I FEEL YOU WERE NEVER REWARDED FOR ALL THE HARD WORK YOU DID AND THAT'S VERY
UNFAIR , ALSO I WOULD LIKE TO USE YOU IN THE FUTURE ( IF WE NEED SOME HELP)
THEREFORE I NEVER ASK ANYONE TO DO SOMETHING FOR NOTHING

i AM THINKING THAT YOU SHOULD INVOICE THE COMPANY FOR YOUR SERVICES AND I HOPE YOU AGREE THAT I
THINK A FAIR FIGURE INITIALLY  WOULD BE A BILL FOR SAY 100K USD.(ONE HUNDRED THOUSAND)
hope THAT IS ACCEPTABLE FOR YOU AND WHEN WE MEET I CAN TALK TO YOU RE USING YOU SERVICES AGAIN
ETC

its NOT AS MUCH AS I WOULD LIKE BUT ITS BETTER THAN NOTHING AND I CAN PAY THIS IN THE NEW YEAR IF
THAT'S OK AS I HAVE SOME MAJOR REVENUE COMING IN THEN
REGARDS
Jonathan

*Jonathan Kendrick*
*Chairman and CEO*
*Rok Corporation Limited*
Tel:    +44 (0) 1902 374896
Fax:    +44 (0) 1902 374603
Mobile: +44 (0) 7774 001001 & +44 (0) 7774 007007
Email:  jk@rokcorp.com

**EXHIBIT**

**2**

# FIDELITY

December 9, 2005

Jonathan Kendrick
ROK Corporation Limited
Rok House
Kingswood Business Park
Holyhead Rd.
Albrighton, Wolverhampton
WV7 3AU, England

Jonathan,

Per your e-mail, Audio Fidelity is submitting this invoice for professional services rendered through 2004 – 2005, in the amount of $100,000.00.

Regards,

Marshall Blonstein, President
AUDIO FIDELITY/Morada Music
870 East Front Street, Suite 3
Ventura, CA 93001
805-648-5599 Phone
805-648-7552 Fax
mb@audiofidelity.net
www.audiofidelity.net

**EXHIBIT 3**

**.orada Music**

| | |
|---|---|
| **From:** | Marshall Blonstein [mb@audiofidelity.net] |
| **Sent:** | Friday, December 09, 2005 3:42 PM |
| **To:** | audio-fidelity@earthlink.net |
| **Subject:** | FW: Invoice ROK Entertainment.doc |

-----Original Message-----
From: Marshall Blonstein [mailto:mb@audiofidelity.net]
Sent: Friday, December 09, 2005 2:36 PM
To: 'JK'
Subject: RE: Invoice ROK Entertainment.doc

JK,

As I mentioned, this is very fair and I would look forward to working with you in the
future.  Good luck with the public offer.

Marshall

-----Original Message-----
From: JK [mailto:jk@rokcorp.com]
Sent: Friday, December 09, 2005 2:15 PM
To: mb@audiofidelity.net
Subject: RE: Invoice ROK Entertainment.doc
Importance: High

Marshall
Ok
Thanks Hope you are happy with this

I will get his paid in the new year after we have gone public regards

Jonathan Kendrick
Chairman and CEO
Rok Corporation Limited
Tel:      +44 (0) 1902 374896
Fax:      +44 (0) 1902 374603
Mobile: +44 (0) 7774 001001 & +44 (0) 7774 007007
Email:   jk@rokcorp.com

-----Original Message-----
From: Marshall Blonstein [mailto:mb@audiofidelity.net]
Sent: 09 December 2005 22:10
To: Jonathan Kendrick
Subject: Invoice ROK Entertainment.doc

The message is ready to be sent with the following file or link
attachments:

Invoice ROK Entertainment.doc

Note: To protect against computer viruses, e-mail programs may prevent sending or
receiving certain types of file attachments.  Check your e-mail security settings to

1

**EXHIBIT**
**4**

**Marshall Blonstein**

**From:** Marshall Blonstein [mb@audiofidelity.net]
**Sent:** Wednesday, December 20, 2006 12:15 PM
**To:** Jonathan Kendrick (jk@rokcorp.com)
**Subject:** Morada Music
**Importance:** High

Jonathan:   I trust things are well with you and the family and the company is thriving. I've had a chance to go on your website and it looks like you have  a lot of very exciting opportunities.

On December 7th of last year, 2005, you sent the below email regarding our efforts on ROK's behalf.  **I agreed with you** that a payment of $100,000 would be acceptable compensation for our efforts on ROK's behalf.  As you requested at that time, I sent you an invoice for $100,000 dated December 9th, 2005.

As you have not responded to the invoice and we have not received payment on the invoice, I am reminding you as you did ask me to wait until the new year, which I have done.  Jonathan, I would appreciate it if you would take care of this as we are going through a growth period at the company and we certainly could use this fee to help us build the company further.

Let me know when we can expect payment of this fee, and, as you suggested in your email below and which I agreed, I would look forward to working with you in the future...Marshall

-----Original Message-----
**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** Friday, December 09, 2005 3:39 PM
**To:** 'audio-fidelity@earthlink.net'
**Subject:** FW:
**Importance:** High

-----Original Message-----
**From:** JK [mailto:jk@rokcorp.com]
**Sent:** Wednesday, December 07, 2005 11:43 PM
**To:** mb@audiofidelity.net
**Subject:**
**Importance:** High

Marshall

On another point

things did not QUITE OUT AS WE THOUGHT THEY WOULD AND WE HAVE GONE IN A SLIGHTLY NEW DIRECTION MAINLY ROK TV AND VIDEO AND SOME OTHER STUFF I WILL SHOW YOU

SO.......................... I FEEL YOU WERE NEVER REWARDED FOR ALL THE HARD WORK YOU DID AND THAT'S VERY UNFAIR , ALSO I WOULD LIKE TO USE YOU IN THE FUTURE ( IF WE NEED SOME HELP) THEREFORE I NEVER ASK ANYONE TO DO SOMETHING FOR NOTHING

i AM THINKING THAT YOU SHOULD INVOICE THE COMPANY FOR YOUR SERVICES AND I HOPE YOU AGREE THAT I THINK A FAIR FIGURE INITIALLY  WOULD BE A BILL FOR SAY 100K USD.(ONE HUNDRED THOUSAND) hope THAT IS ACCEPTABLE FOR YOU AND WHEN WE MEET I CAN TALK TO YOU RE USING YOU SERVICES AGAIN ETC

its NOT AS MUCH AS I WOULD LIKE BUT ITS BETTER THAN NOTHING AND I CAN PAY THIS IN THE NEW YEAR IF THAT'S OK AS I HAVE SOME MAJOR REVENUE COMING IN THEN
REGARDS
Jonathan

EXHIBIT
**5**

**Marshall Blonstein**

**From:** JK [jk@rokcorp.com]
**Sent:** Wednesday, December 20, 2006 12:22 PM
**To:** mb@audiofidelity.net
**Subject:** RE: Morada Music

Hi
Marshall
Yes its going very well but we should have been a public company by now. Unfirtuantley it did not happen and is happening in 2nd qtr
of next year. So I have 10 million investmencoming in January and febuary
So will be able to clear your date then
Regards and best wishes
jk

**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** 20 December 2006 20:15
**To:** Jonathan Kendrick
**Subject:** Morada Music
**Importance:** High

Jonathan:   I trust things are well with you and the family and the company is thriving.  I've had a chance to go on your
website and it looks like you have  a lot of very exciting opportunities.

On December 7th of last year, 2005, you sent the below email regarding our efforts on ROK's behalf.  I agreed with you
that a payment of $100,000 would be acceptable compensation for our efforts on ROK's behalf.  As you requested at that
time, I sent you an invoice for $100,000 dated December 9th, 2005.

As you have not responded to the invoice and we have not received payment on the invoice, I am reminding you as you did
ask me to wait until the new year, which I have done.  Jonathan, I would appreciate it if you would take care of this as we
are going through a growth period at the company and we certainly could use this fee to help us build the company further.

Let me know when we can expect payment of this fee and, as you suggested in your email below and which I agreed, I
would look forward to working with you in the future...Marshall

　　　　　-----Original Message-----
　　　　　**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
　　　　　**Sent:** Friday, December 09, 2005 3:39 PM
　　　　　**To:** 'audio-fidelity@earthlink.net'
　　　　　**Subject:** FW:
　　　　　**Importance:** High


　　　　　　　-----Original Message-----
　　　　　　　**From:** JK [mailto:jk@rokcorp.com]
　　　　　　　**Sent:** Wednesday, December 07, 2005 11:43 PM
　　　　　　　**To:** mb@audiofidelity.net
　　　　　　　**Subject:**
　　　　　　　**Importance:** High

　　　　　　　Marshall

　　　　　　　On another point

　　　　　　　things did not QUITE OUT AS WE THOUGHT THEY WOULD AND WE HAVE GONE IN A SLIGHTLY NEW
　　　　　　　DIRECTION MAINLY ROK TV AND VIDEO AND SOME OTHER STUFF I WILL SHOW YOU

　　　　　　　SO.......................... I FEEL YOU WERE NEVER REWARDED FOR ALL THE HARD WORK YOU DID AND THAT'S

**EXHIBIT**
**6**

## Marshall Blonstein

**From:**  Marshall Blonstein [mb@audiofidelity.net]
**Sent:**  Tuesday, January 30, 2007 3:42 PM
**To:**  Leonard Korobkin Esq.
**Subject:**  More ROK continued

**Tracking:**  **Recipient**          **Read**

                Leonard Korobkin Esq. Read: 1/30/2007 4:05 PM


-----Original Message-----
**From:** JK [mailto:jk@rokcorp.com]
**Sent:** Wednesday, December 20, 2006 12:22 PM
**To:** mb@audiofidelity.net
**Subject:** RE: Morada Music

Hi
Marshall
Yes its going very well but we should have been a public company by now. Unfirtuantley it did not happen and is happening in 2nd qtr of next year. So I have 10 million invenstmencoming in January and febuary
So will be able to clear your date then
Regards and best wishes
jk


**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** 20 December 2006 20:15
**To:** Jonathan Kendrick
**Subject:** Morada Music
**Importance:** High

Jonathan:    I trust things are well with you and the family and the company is thriving.  I've had a chance to go on your website and it looks like you have  a lot of very exciting opportunities.

On December 7th of last year, 2005, you sent the below email regarding our efforts on ROK's behalf.  I agreed with you that a payment of $100,000 would be acceptable compensation for our efforts on ROK's behalf.  As you requested at that time, I sent you an invoice for $100,000 dated December 9th, 2005.

As you have not responded to the invoice and we have not received payment on the invoice, I am reminding you as you did ask me to wait until the new year, which I have done.  Jonathan, I would appreciate it if you would take care of this as we are going through a growth period at the company and we certainly could use this fee to help us build the company further.

Let me know when we can expect payment of this fee, and, as you suggested in your email below and which I agreed, I would look forward to working with you in the future...Marshall

-----Original Message-----
**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** Friday, December 09, 2005 3:39 PM
**To:** 'audio-fidelity@earthlink.net'
**Subject:** FW:
**Importance:** High


-----Original Message-----
**From:** JK [mailto:jk@rokcorp.com]

EXHIBIT
7

**Marshall Blonstein**

**From:** JK [jk@rokcorp.com]
**Sent:** Tuesday, April 24, 2007 10:25 AM
**To:** mb@audiofidelity.net
**Subject:** RE: Morada

Marshall
Yes its due this week and once I have it I will finish our deal off
jk

**Jonathan Kendrick**
**Chairman and CEO**
**Rok Corp Ltd**

www.rok.tv
www.rokcorp.com

**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** 24 April 2007 18:06
**To:** Jonathan Kendrick
**Subject:** Morada

Jonathan:    Congratulations.  I understand from John Paul that you've made a massive deal with Nokia.  I know you have been working on this for quite some time.  I also recently read that there has also been a new infusion of cash, which should take you to the next level.

I'm still a believer in what you are doing.

With all your new-found wealth and success I'd like to bring our previous dealings to a conclusion regarding the $100,000 we agreed upon.  Jonathan can we do this and both move on?

Marshall

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.463 / Virus Database: 269.5.10/774 - Release Date: 4/23/2007 5:26 PM



EXHIBIT

8

**Marshall Blonstein**

**From:** JK [jk@rokcorp.com]
**Sent:** Friday, May 11, 2007 8:27 AM
**To:** mb@audiofidelity.net
**Subject:** RE: Morada

Marshall
They have paid the deposit so the main funds are next week and I will caller you up as promised
Regards
jk

**Jonathan Kendrick**
**Chairman and CEO**
**Rok Corp Ltd**

www.rok.tv
www.rokcorp.com

**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** 09 May 2007 18:50
**To:** Jonathan Kendrick
**Subject:** Morada

Hey Jonathan:   Following up on our recent conversations regarding the fee we discussed and the funding you were receiving.  I hope that you have received the funds and we can wind up this part and move on.  Please advise.

I've set up meetings with the Dick Clark company, along with several other major content holders to see what the temperature is regarding working through ROK in the manner you described previously.

I'll certainly keep you informed if they are willing to go that route I'll make sure it's with Audio Fidelity and ROK.

Marshall

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.467 / Virus Database: 269.6.6/795 - Release Date: 5/9/2007 3:07 PM

EXHIBIT
9

## Marshall Blonstein

**From:** JK [jk@rokcorp.com]
**Sent:** Tuesday, May 29, 2007 11:49 AM
**To:** mb@audiofidelity.net
**Subject:** RE: Morada

Marshall
Myself and Jp have had some massive issues with the financing, he will tell you if you call him, it's a mess as we had a signed agreement by some Swiss investors and they have reneged, its caused us nightmares son pls be patient a little while longer , there's nothing I can do at the moment, sorry

**Jonathan Kendrick**
**Chairman and CEO**
**Rok Corp Ltd**

www.rok.tv
www.rokcorp.com

---

**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** 29 May 2007 19:45
**To:** Jonathan Kendrick
**Subject:** Morada

JK:

I'm sure your plate is full with the infusion of capital and the opportunity to finally take advantage of some of those projects that have been in the wings.  Let me suggest that we take care of $50,000 now and in 90 days when you are fully rolling, we take care of the balance.

This works for me.  Does this work for you..Marshall

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.0/819 - Release Date: 5/26/2007 10:47 AM

**EXHIBIT**

**10**

**Marshall Blonstein**

**From:**   Marshall Blonstein [mb@audiofidelity.net]
**Sent:**   Monday, January 14, 2008 12:51 PM
**To:**   Jonathan Kendrick (jk@rokcorp.com)
**Subject:** FW: Morada

Jonathan,

How can we get this behind us?

Marshall

---

----Original Message-----
**From:** Marshall Blonstein [mailto:mb@audiofidelity.net]
**Sent:** Monday, January 07, 2008 9:02 AM
**To:** Jonathan Kendrick (jk@rokcorp.com)
**Subject:** Morada

Jonathan,

Happy New Year.  I'm happy for you that things have turned around with ROK, DeJoria Diamonds and DeJoria Champaign.   Should be an exciting year for you.   I understand that you've completed your reverse merger, etc. and hope we can now complete our business.

Let me make the following suggestion to clear up the $100K:

$50K to be paid ASAP and $1K per week for the remainder of the year.   Should you choose, you could call that a consulting fee, even though it's from past endeavors.  This might help you with your new situation.   However you want to work it.  I would certainly prefer that you get the entire $100K, but what's money among friends?  Work with me on this, Jonathan, and let's move forward to 08.

Best to you and your family.   Whenever your name comes up and my wife Beverly is with me, she always asks about your daughter.  I believe her name was Maizy?  Very British.

Happy new year,

Marshall

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.13/1213 - Release Date: 1/7/2008 9:14 AM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.19.2/1223 - Release Date: 1/13/2008 8:23 PM



## Marshall Blonstein

**From:** Jonathan Kendrick [jk@rokcorp.com]
**Sent:** Tuesday, March 25, 2008 4:38 PM
**To:** mb@audiofidelity.net
**Subject:** Re: Audio Fidelity

Marshall
What I find strange and distasteful with you is that you turn what was/is a gift into something of an obligation
I have never come across this before
When someone normally offers you a gift, and this one was out of the blue as aw at of saying thank you to you for your work
with rok, then normally people accept the gift , they don't say 'when can I have it " and I am losing patience"...........as its a gift
fro me to you if your not happy RETURN IT...as honestly this is not what I expected
I have told you many times that when I can afford to give you this I will out of free cash flow which is not now
jk

On 25/3/08 16:02, "Marshall Blonstein" <mb@audiofidelity.net> wrote:

> Jonathan,
>
> It's been 2-1/2 years that you've talked about paying the $100K.  That's 2-1/2 years that we've been going through
> this dance.   I think at this time it's apparent your heart's in the right place, but your mind just won't let it happen.
>  At this point I'm turning the matter over to our legal counsel, Allan Hyman, who will do everything necessary to
> collect on the money owed to the company.   Sorry Jonathan, but I think you'll agree 2-1/2 years shows more than
> patience.
>
> Marshall
>
>
> No virus found in this outgoing message.
> Checked by AVG.
> Version: 7.5.519 / Virus Database: 269.22.0/1342 - Release Date: 3/25/2008 10:26 AM

**Jonathan Kendrick**
**Chairman**
**Rok Entertainment Group inc**

Telephone: +44 (0) 1902 374896
Rok House Kingswood Business Park, Holyhead Road, Albrighton, Wolverhampton, WV7 3AU

This email is confidential to the addressee only. If you do not believe that you are intended recipient, do not pass on or copy it in
any way. Please delete it immediately.

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.519 / Virus Database: 269.22.0/1342 - Release Date: 3/25/2008 10:26 AM

EXHIBIT
12

3

ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
T: 818-763-6289 or 323-877-3405
F: 818-763-4676   Email: lawoffah@aol.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDIO FIDELITY, INC., d/b/a MORADA MUSIC,<br><br>v.<br>ROK Entertainment Group Inc., ROK Group, Ltd.,<br>Jonathan Kendrick,<br><br>PLAINTIFF(S)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-03492 *DDP (FFMx)*<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Allen Hyman, Esq._____, whose address is _10737 Riverside Drive, North Hollywood, CA  91602_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **MAY 2 8 2008**_____

By: _Natalie Gonzalez_
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AUDIO FIDELITY, INC., d/b/a MORADA MUSIC

**DEFENDANTS**
ROK Entertainment Group, Inc.
ROK Group, Ltd.
Jonathan Kendrick

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Ventura

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive, North Hollywood, CA  91602
Tel: 818-763-6289 or 323-877-3405

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☑4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☑3 | Foreign Nation | ☐6 | ☑6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding   ☐2 Removed from State Court   ☐3 Remanded from Appellate Court   ☐4 Reinstated or Reopened   ☐5 Transferred from another district (specify):   ☐6 Multi-District Litigation   ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑No      ☑MONEY DEMANDED IN COMPLAINT: $ to be determined at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(1)(1) and/or (a)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (07/05)                                        **CIVIL COVER SHEET**                                        Page 1 of 2

CV08-03492

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Ventura

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  ROK Entertainment Group Inc. is incorporated in Delaware.

List the **California County**, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Ventura

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   May 28, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 3492 DDP  (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.